IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KELLY J. VAY )<br><br>PLAINTIFF, )<br>vs. )<br>)<br>ALLEGHENY COUNTY of )<br>PENNSYLVANIA, WILLIAM MCKAIN, )<br>County Manager in his individual and )<br>official capacity, KARL WILLIAMS, )<br>Medical Examiner, in his individual and )<br>official capacity, ROBERT HUSTON, )<br>Administrator, Laboratory Director of the )<br>Office of the Medical Examiner of )<br>Allegheny County, in his individual and )<br>official capacity; STEPHEN PILARSKI, )<br>former Administrator of the Office of the<br>Medical Examiner of Allegheny County and<br>currently Deputy Manager of Allegheny<br>County, in his individual and official<br>capacity, MICHAEL BAKER, former<br>Manager of Morgue Operations, in his<br>individual capacity.<br><br>DEFENDANTS | `<br>Civil Action No._____<br><br><br><br><br><br><br><br><br><br><br><br><br><br>Jury Trial Demanded<br><br>Filed Electronically |

**COMPLAINT**

**Jurisdiction**

1. The jurisdiction of this court is invoked pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3) & (4), the First and Fourteenth Amendment of the Constitution of the United States and 42 U.S.C. § 1983. Venue lies within this district pursuant to 28 U.S.C § 1391.

**Parties**

2. Plaintiff Kelly J. Vay is an individual residing in Allegheny County, Pennsylvania and is employed as a forensic investigator in the Office of the Medical Examiner of Allegheny Count, Pennsylvania..

3. Defendant Allegheny County of Pennsylvania is a municipal corporation whose primary office is Allegheny County Courthouse 436 Grant Street located in Pittsburgh, PA.15219.

4. Defendant William McKain is the County manager and policy maker whose address is Allegheny County Courthouse, 436 Grant Street Room 119 Pittsburgh, PA.15219.

5. Dr Karl Williams is the Medical Examiner of Allegheny County and a policy maker whose office is located at 1520 Penn Avenue, Pittsburgh, Pa 15219.

6. Defendant Robert Huston is an individual employed as the Administrator, Laboratory Director in the Office of the Medical Examiner of Allegheny County who is a policy maker and whose office is at 1520 Penn Avenue, Pittsburgh, Pa 15219.

7. Defendant Michael Baker is an individual formerly employed as the Manager of Morgue Operations at the Office of the Medical Examiner of Allegheny County, currently employed in Indiana County.

8. Defendant Stephen Pilarski is an individual currently employed by Defendant Allegheny County as Deputy County Manager and as such is a policy maker who previously served as the chief Administrator of the Office of the Medical Examiner of Allegheny County; Defendant Pilarski currently has offices at the Allegheny County Courthouse, 436 Grant Street, Pittsburgh, Pa. 15219.

## Factual Background

9. The individual defendants engaged in the conduct described herein while acting under color of law.

10. At all times material and relevant to the matters set forth herein, the individual defendants were acting within the scope of their employment and for the benefit of their

employer, Allegheny County of Pennsylvania and were acting under color of law when they took the actions they did against Plaintiff as set forth herein.

11. At all times relevant and material to this Complaint, Defendant Allegheny County knew of the facts, incidents, statements and events set forth herein.

12. Despite its knowledge of the facts, incidents, statements and events set forth herein, Defendant Allegheny County failed to investigate, remedy and prevent the gender-based hostile work environment at the Office of the Medical Examiner.

13. Allegheny County hired Plaintiff Kelly Vay as a forensic investigator in the Office of the Medical Examiner on or about March 15, 2009.

14. In addition to their purposeful, personal individual participation and affirmative conduct in the First Amendment retaliation, the individual Defendants acquiesced in the unlawful First Amendment retaliatory conduct of others about whose illegal conduct they had actual knowledge, and over whom they had actual supervisory authority.

15. The Defendants herein have acted with reckless or callous disregard of, or indifference to the rights and safety of Plaintiff Kelly Vay and other female forensic investigators.

16. Plaintiff incorporates the matters pleaded at ¶¶ 1 through 16 as if fully set forth herein.

17. On or about August 1, 2013, Plaintiff and other female forensic investigators drafted and mailed a letter to Allegheny County Executive Rich Fitzgerald outlining matters of public concern they had in their capacity as citizens (and not solely as employees) of matters which would be of concern to the public at large including the citizens of Allegheny County related to, among other matters, the failure of the Medical Examiner's Office to do autopsies of certain kinds of cases, and that the M.E. office would sometimes issue a death certificate when the body of the deceased was still in a hospital and had never been sent to the M.E. office, and other matters of public concern.

18.     The letter had also been sent to the Pittsburgh Tribune Review which published an article at 12:01 AM on August 3, 2013.

19.     At 7:27 a.m on August 3, 2013, Allegheny County Manager William McKain sent an email to Stephen Pilarski, Dr Karl Williams, Medical Examiner, and managers of the Allegheny County medical examiner's office including Robert Huston, Director.

20.     Allegheny County Manager William McKain had a meeting within a day of two of the August 3, 2013 article with Dr Williams, Stephen Pilarski, Robert Huston and others regarding the article in the Pittsburgh Tribune Review on August 3, 2013.

21.     Robert Huston sent an email to the staff of the M.E. Office on August 9, 2013 about the August 1, 2013 letter to Fitzgerald.

22.     Allegheny County Manager William McKain had a meeting on August 9, 2013 with Dr Williams, Stephen Pilarski, Robert Huston, Michael Baker and others regarding the article in the Pittsburgh Tribune Review on August 3, 2013.

23.     On August 9, 2013, Michael Baker , M.E. Manager of Operations met with Plaintiff Vay and Melissa Bogoevski about the August 1, 2013 letter to the County Executive and the August 9, 2013 article.

24.     A difference of opinion arose between Michael Baker and Plaintiff about the letter and the Pittsburgh Tribune Review newspaper article on August 9, 2013.

25.     Vay was suspended for 26 days as a result of the August 9, 2013 meeting between Vay and Baker.

26.     Defendants Baker and Huston consulted with each other and other County management officials including County Manager McKain before suspending Vay for 26 days regarding the August 9, 2013 incident.

27.     A substantial and or motivating factor of each of the Defendants in causing the suspension of Vay growing out of the incident on August 9, 2013 was retaliation against Vay because of the newspaper article of August 3, 2013.

28.     The Defendants retaliated against Vay because of her protected activity under the

First Amendment.

29. The Defendants exhibited a reckless disregard of the Constitutional rights of Plaintiff Vay because of her known involvement in writing the letter and causing the publication of the opinions in the letter and the newspaper article of early August 2013.

30. Individual Defendants acted under color of law in violating Vay's First Amendment rights when they suspended her for 20 + days on August 20, 2013 because of the letter to the County Executive and the newspaper article of August 3, 2013.

31. Defendant Allegheny County violated Vay's First Amendment rights because of the conduct of Allegheny County's management officials who are policy makers and who violated Vay's First Amendment rights.

### Injuries To Plaintiff

32. As a direct and proximate result of the above actions by the individual Defendants and by Defendant Allegheny County, Plaintiff suffered the following injuries:

    a) emotional distress;

    b) humiliation;

    c) damage to professional reputation and advancement;

    d) interference with her immediate and extended family relationships;

    e) constructive discharge;

    f) loss of wages and benefits.

### CAUSES OF ACTION

### Count One

Kelly Vay v Allegheny County

First Amendment Retaliation.

33. Plaintiff incorporates the matters pleaded at ¶¶ 1 through 32 as if fully set forth herein.

WHEREFORE, Plaintiff demands judgment against the Defendant Allegheny County for

violation of her First Amendment Rights under the U.S. Constitution as follows:

    a    Award Plaintiff monetary damages for lost pay, front pay and loss of contributions to her pension plus interest;

    b    Award Plaintiff compensatory damages in an amount to be proven at trial;

    c    Award Plaintiff a reasonable attorney fee award and costs to be paid by the Defendant;

    d    Grant such other equitable and legal relief as may be just and proper

## Counts Two Through Six
### Kelly Vay v. William McKain, Carl Williams, Stephen Pilarski, Robert Huston and Michael Baker
### Retaliation - First Amendment, U.S. Constitution

34.    Plaintiff incorporates the matters pleaded at ¶¶ 1 through 33 as if fully set forth herein.

35.    Individual Defendants acted under color of law in violating Vay's First Amendment rights when they suspended her for 20 + days on August 20, 2013 because of the letter to the County Executive and the newspaper article of August 3, 2013.

WHEREFORE, Plaintiff demands judgment against each of the individual Defendants for violation of her First Amendment Rights under the U.S. Constitution as follows:

    a.    Award Plaintiff monetary damages for lost pay, front pay and loss of contributions to her pension plus interest;

    b    Award Plaintiff compensatory damages and punitive damages in an amount to be proven at trial;

    c    Award Plaintiff a reasonable attorney fee award and costs to be paid by the Defendant;

    d    Grant such other equitable and legal relief as may be just and proper

Respectfully submitted,

s/  Michael J  Lorence, Esq.

PA70445; CA2148333

Born Building, Suite 216

1831 Murray Avenue

Pittsburgh, Pennsylvania 15217

412-325-8090

866-534-8346 (Fax)

LorenceLaw@iCloud.com